IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| D. Troy Hart, an Individual,<br><br>    Plaintiff,<br><br><br><br>    vs.<br><br><br><br>Backman Title Services, Ltd., a Utah Corporation, et. al.,<br><br>    Defendants, | **ORDER 1) DISMISSING PLAINTIFF'S THIRD CAUSE OF ACTION WITH PREJUDICE AND 2) REMANDING THE CASE TO UTAH'S THIRD JUDICIAL DISTRICT COURT, SUMMIT COUNTY**<br><br>Judge Robert J. Shelby<br><br>Case No. 2:11-cv-240 |

　　　　In March 2011, a former Defendant removed this case from Utah's Third Judicial District Court, Summit County.   The exclusive basis for removal to this court was alleged federal question jurisdiction arising under 28 U.S.C. § 1331, due to Plaintiff's assertion in his Third Cause of Action of a claim against Defendant Bonnie Barney under 12 U.S.C. § 2607, the Real Estate Settlement Procedures Act (RESPA).   Dkt. No. 2-6 at 20.   The parties here are not diverse, and thus jurisdiction cannot be asserted under 28 U.S.C. § 1332.   Shortly after assignment to this case in October 2012, the court requested briefing concerning jurisdiction. This briefing was received

in January, and the court held a status conference on February 1. Counsel for the Plaintiff appeared at this conference. Based on the parties' briefing and argument from Plaintiff's counsel, the court finds:

The RESPA claim against Defendant Bonnie Barney is the only federal question claim asserted in this case. Plaintiff's RESPA claim is not viable, however, and must be dismissed. First, and most critically, RESPA does not apply to Plaintiff's claims against Ms. Barney, as the Act does not reach loans for sales pertaining to "vacant land." 24 C.F.R. § 3500.5. Additionally, Plaintiff's RESPA claim was not filed within the one year statute of limitations. 12 U.S.C. § 2614. Without the RESPA claim, the court lacks a basis upon which to assert federal jurisdiction over the Plaintiff's remaining state law real estate claims. Pursuant to 28 U.S.C. § 1447(c), the case must therefore be remanded.

Based upon the foregoing, the court hereby ORDERS:

1. Plaintiff's Third Cause of Action, a RESPA claim asserted under 12 U.S.C. § 2607, is dismissed with prejudice.

2. Because the court lacks jurisdiction over the instant case where there is no federal claim, the case shall be remanded. The Clerk of the Court is directed to remand this action to the Third Judicial District Court, Summit County, State of Utah, and to close this case.

SO ORDERED this 14th Day of February, 2013.

BY THE COURT:

_____
The Honorable Robert J. Shelby